John J. Nelson (SBN 317598)
**MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN, PLLC**
402 W Broadway, Suite 1760
San Diego, California 92101
Tel.: (858) 209-6941
jnelson@milberg.com

*Attorneys for Plaintiffs and the Proposed Class*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: SAN FRANCISCO 49ERS DATA BREACH LITIGATION<br><br>This Document Relates To:<br><br>ALL ACTIONS | Case Number: 3:22-cv-05138<br><br>**JOINT CASE MANAGEMENT STATEMENT & [PROPOSED] ORDER** |

The parties to the above-entitled action jointly submit this JOINT CASE MANAGEMENT STATEMENT & PROPOSED ORDER pursuant to the Standing Order for All Judges of the Northern District of California and Civil Local Rule 16-9.

**I.   Jurisdiction & SERVICE**

The Parties agree that there are over 20,000 members of the proposed class, at least one of the putative class members is diverse from the Defendant, and the aggregate amount in controversy exceeds $5 million, exclusive of interests and costs. 28 U.S.C. § 1332 (d)(2). The Parties agree that the Court has personal jurisdiction over Defendant because the Defendant's headquarters and principal place of business is located in California.  Venue is proper in this District because Defendant's headquarters and principal place of business are located in this District and Division, and a substantial portion of the events or omissions giving rise to the claims originated in this District and Division.

---

-1-
JOINT CASE MANAGEMENT STATEMENT & [PROPOSED] ORDER

Defendant, however, disputes that the Court has subject matter jurisdiction because Plaintiffs lack Article III standing, as they have not alleged a cognizable injury-in-fact. Defendant also asserts that the claims asserted by Plaintiff James Sampson and any members of the class who are 49ers season-ticket holders are subject to a contractual class action waiver and individual arbitration agreement. Each of these arguments will be briefed in Defendant's Rule 12 Motion to Dismiss.

The Parties agree that Defendant has been properly served.

## II.     FACTS

The Parties agree on the following relevant facts:

- Defendant maintains on its corporate IT systems varying levels of Identifying Information (PII) relating to employees, contractors, and other individuals associated with Defendant;
- On or about February 6, 2022, cybercriminals accessed PII stored in Defendant's systems as part of a ransomware attack;
- Beginning in February 2022, Defendant began notifying impacted individuals. On or about August 31, 2022, Defendant notified additional individuals whose data it believed was accessed during the attack via mailing a Data Breach Notice and by providing a copy of the notice to state attorney general offices as required by respective state laws;
- Plaintiffs sent notice letters to Defendant pursuant to California Civil Code § 1798.150(b), though Defendant maintains that Plaintiffs did not wait the requisite 30 days after sending the letters prior to bringing their claims;
- Defendant responded to the notice letters sent by Plaintiffs within the statutorily prescribed timeframe.

The Parties dispute the following non-exhaustive facts:

- The degree to which Defendant's information security procedures were reasonable and sufficient to prevent PII from being compromised;
- When Defendant became aware of the cyberattack on its systems;
- What steps Defendant, or third parties retained by Defendant, undertook to investigate the cyberattack after Defendant became aware of the attack;
- Whether any Plaintiff was injured as a result of this cyberattack.

## III. LEGAL ISSUES

The Parties have identified the following legal issues:

- Whether Plaintiffs alleged a cognizable injury-in-fact for purposes of Article III standing and/or damages as an element of their claims;
- Whether Plaintiff James Sampson's claims are subject to a contractual class action waiver and individual arbitration agreement;
- Whether Defendant has a duty to use reasonable care with regard to PII stored in Defendant's systems;
- Whether the procedures Defendant employed to protect the PII stored in Defendant's systems constituted reasonable care;
- Whether Defendant took reasonable measures to determine the extent of the breach after learning of the breach;
- Whether Defendant was negligent in handling the PII in Defendant's systems;
- Whether the Data Breach Notice sent by Defendant to potentially affected individuals residing in California constituted proper notice pursuant to Cal. Civ. Code § 1798.82;
- Whether Defendant's conduct related to the breach of Defendant's systems constituted an unfair business practice pursuant to Cal. Bus. & Prof. Code § 17200;
- Whether the individuals who were notified of the breach of Defendant's systems suffered an injury-in-fact;
- Whether Defendant cured the violations identified in the letter sent by Plaintiffs pursuant to California Civil Code § 1798.150(b);
- Whether Plaintiffs' negligence claim is barred by the economic loss doctrine;
- Whether Plaintiffs' breach of implied contract claims fail for lack of consideration;
- Whether the parties entered into any contract, implied or express, for a specific level of data security;
- The degree to which Defendant was contractually or otherwise obligated to protect the PII maintained in Defendant's systems;

- Whether Plaintiffs' claims for violation of the CCPA are barred because Plaintiffs prematurely filed their claims without waiting 30 days following sending their pre-suit notice letters to Defendant;
- Whether the claims of the Plaintiffs are suitable for class certification.

## IV. MOTIONS

On June 8, 2023, Plaintiffs filed a Motion for Preliminary Approval of a Class Settlement (Dkt. No. 34). On July 21, 2023, the Court denied the motion with leave to Amend (Dkt. No. 35). After significant effort by the Parties, the Parties have concluded that they will not be able to reach a new agreement that is agreeable to Plaintiffs, Defendant, and the Court at this time. Therefore, Plaintiffs request that the Motion for Preliminary Approval be withdrawn, and that litigation of the case proceed.

With respect to other motions, Plaintiffs anticipate filing a Motion for Class Certification, and, if the motion is granted, an affirmative Motion for Summary Judgment, and if necessary, motions in limine prior to trial.

Defendant anticipates filing a Motion to Dismiss the First Amended Consolidated Class Action Complaint. Defendant will file its Motion to Dismiss on or before November 22, 2023. Defendant may also file a Motion to Compel Arbitration with respect to the claims asserted by Plaintiff James Sampson and any class members who are 49ers season ticket holders. Defendant's may also be filing a Motion to Stay Discovery pending a ruling on the Motions to Dismiss if an appropriate discovery schedule cannot be negotiated and approved by the Court. Additionally, Defendant may file a Motion to Deny Class Allegations when appropriate.

## V. AMENDMENT OF PLEADINGS

The Parties do not anticipate any amendments to the pleadings at this time.

## VI. EVIDENCE PRESERVATION

As part of the meet-and-confer process pursuant to Fed. R. Civ. P. 26(f), the Parties have reviewed the ESI Guidelines 2.01 and 2.02, and the Checklist for ESI Meet and Confer, and have discussed reasonable and proportionate steps to be taken to preserve evidence relevant to the issues reasonably evident in this action.

## VII. DISCLOSURES

The Parties agree that they will provide full initial disclosures within 21 days of the initial status conference.

## VIII. DISCOVERY

The Parties have exchanged informal discovery pursuant to mediation privilege in the settlement context. No formal discovery has yet occurred.

In order to meet the Court's proposed schedule in which all matters (with few exceptions) should be brought to trial within 18 months of the initial case scheduling conference, Plaintiffs propose that discovery be conducted as to all issues (both class certification-related and merits-related) simultaneously. Plaintiffs propose a final discovery cut-off of 14 months after the date of the initial case scheduling conference so that the court's preferred 18-month schedule can be accommodated. Plaintiffs also oppose any stay of discovery that Defendant seeks or will seek due to motions to dismiss that Defendant will file. "[A] pending motion to dismiss is not ordinarily a situation that in and of itself would warrant a stay of discovery." *Twin City Fire Ins. Co. v. Employers Ins. of Wausau,* 124 F.R.D. 652, 653 (D. Nev. 1989). A party seeking "a stay of discovery carries the heavy burden of making a 'strong showing' why discovery should be denied." *Turner Broad. Sys., Inc. v. Tracinda Corp.,* 175 F.R.D. 554, 556 (D. Nev. 1997)*; Blankenship v. Hearst Corp.,* 519 F.2d 418, 429 (9th Cir. 1975). Furthermore, "a district court may stay discovery only when it is convinced that the Plaintiff will be unable to state a claim for relief." *Turner Broadcasting System, Inc. v. Tracinda Corp.,* 175 F.R.D. 554, 556 (D. Nev. 1997) (emphasis in original). This is because "[t]he Federal Rules of Civil Procedure do not provide for automatic or blanket stays of discovery when a potentially dispositive motion is pending." *Tradebay, LLC v. Ebay, Inc.,* 278 F.R.D. 597, 600 (D. Nev. 2011).

Defendant asserts that discovery should be stayed pending Defendant's anticipated Motion to Dismiss and Motion to Compel Arbitration. Indeed, courts routinely recognized that arbitration issues should be resolved prior to any further case discovery or litigation. *See e.g., Coinbase, Inc. v. Bielski*, 143 S. Ct. 1915 (2023); *see also In re Marriott International, Inc. Customer Data Security Breach Litigation*, No. 22-1744 (4th Cir. Aug. 18, 2023). Defendant's substantive Motion to Dismiss will be based primarily on Plaintiffs' failure to allege cognizable damages, all evidence of which would already be in Plaintiffs' possession. Additionally, Defendant will challenge, among other arguments: (1) the legal sufficiency of the negligence and CCPA allegations based on lack of duty, breach, causation, damages, and the application of the economic loss doctrine; (2)

the contractual allegations for failure to plausibly allege any contract for data security and failure to allege consideration; (3) the UCL allegations because Plaintiffs have not alleged any damages, let alone any payments made to Defendant that would be available for restitution; and (4) the CRA claim because it is undisputed that Defendant began notification timely. *See Rutman Wine Co. v. E & J Gallo Winery*, 829 F.2d 729, 738 (9th Cir.1987)(the purpose of Federal Rule of Civil Procedure 12(b)(6) is to enable defendants to challenge the legal sufficiency of a complaint without subjecting themselves to discovery); *see also Wagh v. Metris Direct, Inc.*, 363 F.3d 821, 829 (9th Cir.2003), overruled on other grounds, *Odom, v. Microsoft Corp.*, 486 F.3d 541, 551 (9th Cir.2007) (en banc)(discovery at the pleading stage is only appropriate where factual issues are raised by a Rule 12(b) motion, and a pending Rule 12(b) motion to dismiss is sufficient cause for granting a protective order).

### IX.   CLASS ACTIONS

The Parties propose that Plaintiffs will file a Motion for Class Certification no later than six months after the Court holds the initial conference in this matter. In order to obtain the necessary evidence in order to bring the Motion, the Plaintiffs believe that discovery should begin immediately, and it should encompass both class certification and merits issues simultaneously. The Defendant believes that any discovery and class certification deadlines should be stayed pending a ruling on the motion to dismiss, as discussed in Paragraph 8, above.

### X.   RELATED CASES

The Parties are not aware of any other cases that have not been consolidated into this matter.

### XI.   RELIEF

Plaintiffs' First Amended Consolidated Complaint requests the following relief:
- Actual Damages for each Class Member resulting from Defendant's negligence as pled in Count I, calculated on the basis of:
    - The sum of all costs that each Class Member incurred as a result of identity theft stemming from the Data Breach at issue in this case;
    - An amount for each Class Member equal to the value of the amount of time spent by the Class Member to mitigate or attempt to mitigate harm stemming from the Data Breach at issue in this case;

- o An amount for each Class Member equal to the value of the lost value of their PII as a result of the Data Breach at issue in this case.
- Actual Damages for each Class Member resulting from Defendant's Negligence *Per Se* as pled in Count II, to the extent that it is different from/in addition to those damages identified in Count I.
- Actual Damages for each Class Member resulting from Defendant's Breach of Implied Contract as pled in Count III, to the extent that it is different from/in addition to those damages identified in Count I.
- Actual Damages for each Class Member pursuant to the California Consumer Records Act, Cal. Civ. Code § 1798.82, as pled in Count IV, calculated on the basis of:
    - o The sum of all costs that each Class Member incurred as a result of identity theft stemming from the Data Breach at issue in this case that would have been remediated had Defendant informed the Class Member of the breach in a timely fashion;
    - o An amount for each Class Member equal to the lost value of their PII as a result of the Data Breach at issue in this case that would have been remediated had Defendant informed the Class Member of the breach in a timely fashion.
- As pled in Count V, pursuant to Cal. Bus. & Prof. Code § 17200, et seq.:
    - o An injunction requiring Defendant to implement reasonable and legally sufficient security protocols to protect the PII maintained in Defendant's systems;
    - o Restitution to Class Members of all money wrongfully kept by Defendant as a result of Defendant's unlawful or unfair practices;
- As pled in Count VI, pursuant to the California Consumer Privacy Act, Cal. Civ. Code § 1798.150(a)(1)(A) & (b), the greater of:
    - o Each Class Member's actual damages, calculated in the manner set forth above for Count I; or
    - o $100 to $750 per Class Member, as determined by the Court.
- As pled in Count VII, recovery of all attorneys' fees and costs.

XII. **SETTLEMENT AND ADR**

The Parties have engaged in private mediation of this case, which resulted in the settlement that was previously provided to the Court. The Parties believe that further settlement discussions will not be fruitful at least until after the Court has ruled on Defendant's Motion to Dismiss and/or Plaintiffs' Motion for Class Certification.

XIII. **OTHER REFERENCES**

None.

XIV. **NARROWING OF ISSUES**

None.

XV. **EXPEDITED TRIAL PROCEDURE**

The Parties believe this case is not suitable for disposition pursuant to the Expedited Trial Procedure.

XVI. **SCHEDULING**

The Parties propose the following case schedule:

- **Deadline for the Parties to Exchange Initial Disclosures:** 21 Days after the Initial Status Conference;
- **Deadline for the Parties to Disclose Experts and Exchange Expert Reports Related to Class Certification, if any:** Plaintiffs propose 4 months after the Initial Status Conference. Defendant proposes that expert reports related to class certification should be filed contemporaneously with each parties' brief in support/opposition to same;
- **Deadline for the Parties to Depose Experts Related to Class Certification, if any:** Plaintiffs propose 5 months after the Initial Status Conference. Defendant proposes 2 weeks prior to each Parties' deadline to file motions/opposition to class certification;
- **Deadline for Plaintiffs to File Motion for Class Certification:** Plaintiff proposes 6 months after the Initial Status Conference. Defendant proposes 6 months after the Court's ruling on Defendant's Motion to Dismiss;

- **Deadline for Defendant to File Opposition to Motion for Class Certification:** Plaintiffs propose 1 month after Plaintiffs' Deadline to File Motion for Class Certification. Defendant proposes 3 months after Plaintiffs' Deadline to File Motion for Class Certification, and asserts this extra time is built in to allow for discovery and deposition of Plaintiffs' class certification expert, if any;

- **Deadline for Plaintiffs to File Reply in Support of Motion for Class Certification:** Plaintiffs propose 21 days after Defendant's Deadline to File Opposition to Motion for Class Certification. Defendant proposes 45 days after Defendant's Deadline to File Opposition to Motion for Class Certification, and asserts this extra time is built in to allow for discovery and deposition of Defendant's class certification expert, if any;

- **Deadline by Which Notice Will Be Issued to Class Members (Assuming that the Class is Certified):** 3 months after the Court's ruling on Class Certification;

- **Cut-Off for All Discovery**: Plaintiffs propose 4 months after the Court's ruling on Class Certification. Defendant proposes 4 months before the Trial Date;

- **Deadline to File Dispositive Motions:** 6 months after the Court's ruling on Class Certification;

- **Trial Date:  Plaintiffs propose 9 months after the Court's ruling on Class Certification**, or approximately 18 months after the Initial Status Conference. Defendant proposes 9 months after the Court's ruling on Class Certification, or approximately 18 months after the Court's ruling on Defendant's Motion to Dismiss.

## XVII. TRIAL

The Parties anticipate that this case will be tried to a jury, and that the jury trial will last approximately five days, not including jury deliberations.

## XVIII. DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS

Pursuant to Civil Local Rule 3-15, the Parties identify the persons, firms, partnerships, corporations (including parent corporations) or other entities known by the party to have either: (i) a financial interest in the subject matter in controversy or in a party to the proceeding; or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding:

**Plaintiffs**:  None.

**Defendant**:  Beazley Insurance Company, Inc. and/or Beazley Insurance Services; Forty Niners Holdings LP, an Ohio limited partnership.

### XIX.   PROFESSIONAL CONDUCT

All attorneys of record for the parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

### XX.   OTHER

The Parties are not aware of any other matters to discuss with the Court at this time.

DATED: October 23, 2023

                **MILBERG COLEMAN BRYSON
PHILLIPS GROSSMAN, PLLC**

By    */s/ John J. Nelson*
John J. Nelson (SBN 317598)
**MILBERG COLEMAN BRYSON
PHILLIPS GROSSMAN, PLLC**
402 W Broadway, Suite 1760
San Diego, California 92101
Tel.: (858) 209-6941
jnelson@milberg.com

*Attorneys for James Sampson*

**MEYER WILSON CO., LPA**

Matthew R. Wilson (SBN 290473)
**MEYER WILSON CO., LPA**
305 W. Nationwide Blvd
Columbus, OH 43215
Telephone: (614) 224-6000

**TURKE & STRAUSS LLP**
Samuel J. Strauss (*pro hac vice* to be filed)
sam@turkestrauss.com
Raina Borrelli (*pro hac vice* to be filed)
raina@turkestrauss.com
613 Williamson St., #201
Madison, WI 53703
P: (608) 237-1775

*Attorneys for Samantha Donelson*

**CLAYEO C. ARNOLD, A PROFESSIONAL CORP.**

M. Anderson Berry (SBN 262879)
aberry@justice4you.com
Gregory Haroutunian (SBN 330263)
gharoutunian@justice4you.com
**CLAYEO C. ARNOLD,
A PROFESSIONAL CORP.**
865 Howe Avenue
Sacramento, CA 95825
Telephone: (916) 239-4778
Fax: (916) 924-1829

*Attorneys for Kathrine Finch*

Dated: October 23, 2023            **BAKER & HOSTETLER, LLP**

By      /s/ Casie D. Collignon
Casie D. Collignon (*Admitted Pro Hac Vice*)
ccollignon@bakerlaw.com
Michelle R. Gomez (*Pro Hac Vice* Application Forthcoming)
mgomez@bakerlaw.com
**Baker & Hostetler LLP**
1801 California Street, Suite 4400
Denver, CO 80202-2662
Telephone:  303.861.0600
Facsimile:     303.861.7805

Victoria L. Weatherford, Bar No. 267499
vweatherford@bakerlaw.com

**Baker & Hostetler LLP**
Transamerica Pyramid
600 Montgomery Street, Suite 3100
San Francisco, CA 94111
Telephone:  415.659.2634
Facsimile:     415.659.2601

Marcus McCutcheon, Bar No. 281444
mmccutcheon@bakerlaw.com
**Baker & Hostetler LLP**
600 Anton Boulevard, Suite 900
Costa Mesa, CA 92626
Telephone:  714.754.6600
Facsimile:     714.754.6611

*Attorneys for Defendant 49ers Enterprises, LLC d/b/a The San Francisco 49ers*

# CASE MANAGEMENT [PROPOSED] ORDER

The above JOINT CASE MANAGEMENT STATEMENT & PROPOSED ORDER is approved as the Case Management Order for this case and all parties shall comply with its provisions. [In addition, the Court makes the further orders stated below:]

DATED: _____     _____
The Honorable James Donato
United States District Judge

## ATTESTATION

I, John J. Nelson, attest that all other signatures listed, and on whose behalf the filing is submitted, concur in the filing's contents and have authorized the filing.

<i>/s/ John J. Nelson</i><br>
John J. Nelson, Esq.

## CERTIFICATE OF SERVICE

I hereby certify that on October 23, 2023, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify the foregoing document is being served today on all counsel of record in this case via transmission of Notice of Electronic Filing generated by CM/ECF.

<i>/s/ John J. Nelson</i><br>
John J. Nelson, Esq.