Marcus McCutcheon, Bar No. 281444
mmccutcheon@bakerlaw.com
**BAKER & HOSTETLER LLP**
600 Anton Boulevard, Suite 900
Costa Mesa, CA 92626
Telephone:  714.754.6600
Facsimile:   714.754.6611

Casie D. Collignon (*Admitted Pro Hac Vice*)
ccollignon@bakerlaw.com
Michelle R. Gomez (*Admitted Pro Hac Vice*)
mgomez@bakerlaw.com
**BAKER & HOSTETLER LLP**
1801 California Street, Suite 4400
Denver, CO 80202-2662
Telephone:  303.861.0600
Facsimile:   303.861.7805

Attorneys for Defendant
Forty Niners Football Company LLC dba
The San Francisco 49ers

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE SAN FRANCISCO 49ERS DATA BREACH LITIGATION | Case No.: 3:22-cv-05138-JD |
| | [Hon. James Donato] |
| | **DEFENDANT FORTY NINERS FOOTBALL COMPANY, LLC DBA THE SAN FRANCISCO 49ERS' NOTICE OF MOTION AND MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** |
| | *Filed concurrently with Request for Judicial Notice and [Proposed] Order* |
| | Date: February 29, 2024 Time: 10:00 A.M. Courtroom: 11 |

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
COSTA MESA

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
COSTA MESA

TO THE COURT, ALL PARTIES, AND THEIR RESPECTIVE COUNSEL OF RECORD:

**PLEASE TAKE NOTICE THAT** on February 29, 2024, at 10:00 a.m. in Courtroom 11 on the 19th floor of the above-entitled court, located at 450 Golden Gate Avenue, San Francisco, CA 94102, the Honorable James Donato presiding, Defendant Forty Niners Football Company LLC dba The San Francisco 49ers ("the 49ers") will and hereby does move for an order dismissing, with prejudice, Plaintiffs' First Amended Consolidated Class Action Complaint (the "Motion").

This Motion is brought pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) on the grounds that Plaintiffs lack Article III standing and have failed to state a claim upon which relief may be granted.

This Motion is based upon this Notice of Motion, the attached Memorandum of Points and Authorities, Request for Judicial Notice, the pleadings and papers on file herein, the 49ers' anticipated reply papers, any oral argument of counsel, and upon such other evidence and matters that may be presented to the Court at or prior to any hearing on the Motion.

Respectfully submitted,

Dated:  December 8, 2023          **BAKER & HOSTETLER LLP**

By:   */s/ Marcus McCutcheon*
MARCUS McCUTCHEON
CASIE D. COLLIGNON
MICHELLE GOMEZ

Attorneys for Defendant
FORTY NINERS FOOTBALL
COMPANY LLC DBA THE SAN
FRANCISCO 49ERS

# TABLE OF CONTENTS

**Page**

I.    INTRODUCTION ................................................................... 1

II.   FACTUAL BACKGROUND ................................................. 1

III.  STANDARD OF REVIEW ................................................... 3

IV.  ARGUMENT & AUTHORITIES.......................................... 4

       1.    Plaintiffs Fail to Plausibly Plead an Injury-in-Fact ................... 4

             a.    Diminished Value of PII is not an Injury-in-Fact ........... 4

             b.    Lost Time and Monitoring Costs are Not an Injury-in-Fact .............................................................................. 4

             c.    Loss of the Benefit of the Bargain is not an Injury-in-Fact .............................................................................. 4

             d.    Risk of Future Harm is not an Injury-in-Fact.................. 5

             e.    Loss of Privacy is not an Injury-in-Fact......................... 6

             f.    Generic Emotional Distress is not an Injury-in-Fact ....... 6

             g.    Plaintiffs Donelson and Sampson's additional allegations do not save the Complaint ........................... 6

       2.    Plaintiffs Fail to Plausibly Plead Traceability ........................... 7

V.   PLAINTIFFS FAIL TO STATE A CLAIM FOR RELIEF............................ 7

      A.    Plaintiffs Fail to Allege Cognizable Injury ........................... 8

      B.    Plaintiffs' Negligence Claim is Deficient and Barred by the ELR..... 10

      C.    Negligence Per Se is Not a Standalone Cause of Action.................... 11

      D.    Plaintiffs Fail to State a Claim for Unfair Competition..................... 11

      E.    Plaintiffs Finch and Sampson Fail to State a CCPA Claim............... 12

      F.    Plaintiffs' Breach of Implied Contract Claim Fails ........................ 14

      G.    Plaintiffs' CCRA Claim Should Be Dismissed .............................. 15

      H.    Plaintiff Donelson's Georgia Statutory Claim Should Be Dismissed ...................................................................... 15

VI.  CONCLUSION ................................................................... 15

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
COSTA MESA

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Adams v. Cole Haan, LLC*,
  2020 WL 5648605 (C.D. Cal. Sept. 3, 2020) ...................................................... 12

*Aguilar* v. *Hartford Accident & Indem. Co.*,
  No. CV-18-8123-R, 2019 WL 2912861 (C.D. Cal. Mar. 13, 2019) ................... 9

*In re Ambry Genetics Data Breach Litig.*,
  567 F. Supp. 3d 1130 (C.D. Cal. 2021) ............................................................... 8

*Anderson v. Kimpton Hotel & Rest. Grp., LLC*,
  No. 19-CV-01860-MMC, 2019 WL 3753308 (N.D. Cal. Aug. 8,
  2019) ............................................................................................................. 10, 15

*In re Anthem, Inc. Data Breach Litig.*,
  162 F. Supp. 3d 953 (N.D. Cal. 2016) ............................................................... 14

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ............................................................................................. 3

*Ass'n of Pub. Agency Cust. v. Bonneville Power Admin.*,
  733 F.3d 939 (9th Cir. 2013) .............................................................................. 7

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007) ........................................................................................ 3, 10

*Blahous v. Sarrell Reg'l Dental Ctr. for Pub. Health, Inc.*,
  No. 2:19-CV-798-RAH-SMD, 2020 WL 4016246 (M.D. Ala. July
  16, 2020) ............................................................................................................. 5

*Bock v. Washington*,
  33 F.4th 1139 (9th Cir. 2022) .............................................................................. 5

*Bryant v. Avado Brands, Inc.*,
  187 F.3d 1271 (11th Cir. 1999) .......................................................................... 14

*Carlsen v. GameStop, Inc.*,
  112 F. Supp. 3d 855 (D. Minn. 2015) .......................................................... 5, 9, 15

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
COSTA MESA

*Chandler v. State Farm Mut. Auto. Ins. Co.*,
  598 F.3d 1115 (9th Cir. 2010) ................................................................. 3

*Chandler v. State Farm Mut. Auto. Ins. Co.*
  598 F.3d 1115 (9th Cir. 2010) ................................................................. 3

*Clapper v. Amnesty Int'l USA*,
  568 U.S. 398 (2013) ........................................................................... 3, 6

*Corona v. Sony Pictures Ent., Inc.*,
  No. 14-cv-09600-RGK, 2015 WL 3916744 (C.D. Cal. June 15,
  2015) ........................................................................................... 8, 11

*Dieffenbach v. Barnes & Noble, Inc.*,
  887 F.3d 826 (7th Cir. 2018) ............................................................... 5, 9

*Fresno Motors, LLC v. Mercedes Benz USA, LLC*,
  771 F.3d 1119 (9th Cir. 2014) ................................................................ 11

*Gardiner v. Walmart, Inc.*,
  No. 20-cv-04618, 2021WL 4992539 (N.D. Cal. July 28, 2021) ..................... 4, 9

*Gibson v. Jaguar Land Rover N. Am., LLC*,
  2020 WL 5492990 (C.D. Cal. Sept. 9, 2020) ............................................. 12

*Gitson v. Trader Joe's Co.*,
  No. 13-CV-01333-WHO, 2014 WL 1048640 (N.D. Cal. Mar. 14,
  2014) ............................................................................................... 8

*In re Google*,
  2013 WL 1283236 ........................................................................... 4, 11

*Griffey v. Magellan Health Inc.*,
  2022 WL 181165 (D. Ariz. June 2, 2022) .................................................. 13

*Griffey v. Magellan Health Inc.*,
  562 F. Supp. 3d 34 (D. Ariz. 2021) ......................................................... 12

*Guy v. Convergent Outsourcing, Inc.*,
  2023 WL 4637318 (W.D. Wash. July 20, 2023) ........................................... 13

*Hernandez v. Christensen Bros. Gen. Engineering, Inc.*,
  No. 5:22-CV-00836-AB-SP, 2023 WL 3069760 (C.D. Cal. Apr. 24,
  2023) ............................................................................................... 6

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
COSTA MESA

*Holly v. Alta Newport Hosp., Inc.*,
   2020 WL 1853308 (C.D. Cal. 2020) ........................................................ 9

*I. C. v. Zynga, Inc.*,
   600 F. Supp. 3d 1034 (N.D. Cal. 2022) ................................................. 5, 6

*Irwin v. Jimmy John's Franchise, LLC*,
   175 F. Supp. 3d 1064 (C.D. Ill. 2016) ................................................... 9

*Jewel v. Nat'l Sec. Agency*,
   856 F. App'x 640 (9th Cir. 2021), *cert. denied*, 213 L. Ed. 2d 1038,
   142 S. Ct. 2812 (2022) .................................................................... 5

*Kim v. Shellpoint Partners, LLC*,
   2016 WL 1241541 (S.D. Cal. Mar. 30, 2016) ........................................ 13

*Kokkonen v. Guardian Life Ins. Co.*,
   511 U.S. 375 (1994) ...................................................................... 3

*Krottner v. Starbucks Corp.*,
   406 F.App'x 129 (9th Cir.2010) ....................................................... 14

*Lujan v. Defenders of Wildlife*,
   504 U.S. 555 (1992) ................................................................... 3, 7

*Maag v. U.S. Bank, Nat'l Ass'n*,
   2021 WL 5605278 (S.D. Cal. Apr. 8, 2021) .......................................... 12

*Madrigal v. Hint, Inc.*,
   No. CV 17-02095-VAP, 2017 WL 6940534 (C.D. Cal. Dec. 14,
   2017) ...................................................................................... 11

*Medoff v. Minka Lighting, LLC*,
   C.D. Cal. No. 2:22-cv-08885-SVW-PVC, 2023 U.S. Dist. LEXIS
   81398 (May 8, 2023) ................................................................... 4, 6

*Pareto v. F.D.I.C.*,
   139 F.3d 696 (9th Cir. 1998) ........................................................... 3

*Pica v. Delta Air Lines, Inc.*,
   No. CV 18-2876-MWF (EX), 2018 WL 5861362 (C.D. Cal. Sept.
   18, 2018) ............................................................................... 10

*Pinkert v. Schwab Charitable Fund*,
   48 F.4th 1051 (9th Cir. 2022) .......................................................... 5

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
COSTA MESA

iv

*Pruchnicki v. Envision Healthcare Corp.*,
439 F. Supp. 3d 1226 (D. Nev. 2020), *aff'd*, 845 F. App'x 613 (9th
Cir. 2021) ..................................................................................................... 8

*Pruchnicki v. Envision Healthcare Corp.*,
845 F. App'x 613 (9th Cir. 2021) ............................................................... 7

*Razuki v.Caliber Home Loans, Inc.*,
No. 17CV1718-LAB (WVG), 2018 WL 6018361 (S.D.Cal. Nov.
15, 2018) ...................................................................................................... 10

*Sater v. Chrysler Grp. LLC*,
No. EDCV14700VAPDTBX, 2016 WL 7377126 (C.D. Cal. Oct.
25, 2016) ........................................................................................................ 5

*Schertz v. Ford Motor Co.*,
2020 WL 5919731 (C.D. Cal. July 27, 2020) .......................................... 12

*In re Sci. Applications Int'l Corp. (SAIC) Backup Tape Data Theft
Litig. ("SAIC")*,
45 F. Supp. 3d 14 (D.D.C. 2014) ................................................................ 8

*Silvercrest Realty, Inc. v. Great Am. E&S Ins. Co.*,
2012 WL 13028094 (C.D. Cal. Apr. 4, 2012) .......................................... 11

*Sion v. SunRun, Inc.*,
2017 WL 952953 (N.D. Cal. Mar. 13, 2017) ............................................. 9

*In re Solara Med. Supplies, LLC Customer Data Sec. Breach Litig.*,
613 F. Supp. 3d 1284 (S.D. Cal. 2020) ...................................................... 8

*Sonner v. Premier Nutrition Corp.*,
971 F.3d 834 (9th Cir. 2020) ..................................................................... 11

*In re Sony Gaming Networks & Customer Data Sec. Breach Litig.*,
996 F. Supp. 2d 942 (S.D. Cal. 2014) ...................................................... 10

*In re Sony Gaming Networks and Customer Data Sec. Breach Litig.*,
903 F.Supp.2d 942 (S.D. Cal. Oct. 11, 2012) ........................................... 9

*TransUnion LLC v. Ramirez*,
141 S. Ct. 2190 (2021) ........................................................................... 5, 6

*Turner v. Seterus, Inc.*
27 Cal.App.5th 516 (2018) ........................................................................ 11

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
COSTA MESA

*Washington Env't. Council v. Bellon*,
  732 F.3d 1131 (9th Cir. 2013) ...................................................................... 7

*In re Waste Mgmt. Data Breach Litig.*,
  2022 WL 561734 (S.D.N.Y. Feb. 24, 2022) ........................................ 12, 13, 15

*Winsor v. Sequoia Benefits & Ins. Servs., LLC*,
  62 F.4th 517 (9th Cir. 2023) ........................................................................ 6

**Statutes**

Cal. Civ. Code § 1798.150(b).................................................................... 12, 13

California Consumer Privacy Act, Cal. Civ. Code § 1798.150............................ 2

California Consumer Records Act, Cal. Civ. Code § 1798.80, *et seq.*,
  and (v).................................................................................................... 2

California's Unfair Competition Law, Cal. Bus. Code § 17200 ........................... 2

Georgia Uniform Deceptive Trade Practices Act....................................... 15

Georgia Uniform Deceptive Trade Practices Act, Ga. Code Ann. §§
  10-1-370, *et seq.* ..................................................................................... 2

**Rules**

Fed. R. Civ. P. 12(b)(1), 12(h)(3) ................................................................. 3

Fed. R. Civ. P. 12(b)(6) ...........................................................................*passim*

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
COSTA MESA

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
COSTA MESA

## I.     <u>INTRODUCTION</u>

Between February 6–11, 2022, the 49ers was the victim of a criminal cyberattack (the "Data Incident") impacting current and former 49ers employees and their beneficiaries, NFL players and employees from other NFL teams, and 49ers season ticket holders. Following the Data Incident, the 49ers sent notice to persons whose personal information was accessed during the Data Incident. Following notification, Plaintiffs Samantha Donelson, Kathrine Finch, and James Sampson[1] filed lawsuits asserting they are entitled to relief from the 49ers merely because they were notified about the Data Incident and nothing more. But mere receipt of a regulatorily required notice is not enough to sustain a lawsuit in this Court. Plaintiffs do not allege that their personal information was fraudulently used or that they plausibly suffered any out-of-pocket expense because of the Data Incident. Thus, Plaintiffs do not have Article III standing. But even if they did, they certainly fail to plead sufficient facts under the higher standard of proof necessary to state their claims in the *First Amended Consolidated Class Action Complaint* [Dkt. 28]. Accordingly, if the Complaint is not dismissed for lack of standing, it should be dismissed for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6).

## II.     <u>FACTUAL BACKGROUND</u>

Plaintiff Donelson is an employee of the Atlanta Falcons and alleges that she provided her information to the 49ers. Compl. ¶¶ 34-35. Donelson alleges that on September 5, 2022, she received a notice from the 49ers stating that her name, date of birth, and Social Security Number ("SSN") were compromised in the Data Incident. *Id.* ¶ 41. Donelson alleges that she has and will spend time to monitor her accounts for identity theft and claims to have suffered injury in the form of diminution of the value of her PII, increased risk of fraud, identity theft, and

---

[1] Defendant is concurrently filing a *Notice of Motion and Motion to Dismiss for Improper Venue or, in the Alternative, to Compel Arbitration* as to Plaintiff James Sampson. If the Court grants Defendant's Motion to Compel Arbitration as to Plaintiff Sampson, Defendant's arguments in this Motion as they pertain to Plaintiff Sampson will be moot.

misuse, and that she suffers fear, anxiety, and frustration. *Id.* ¶¶ 40-45. Donelson also admits that as a result of a *previous* data breach, she used a monitoring service which alerted her that her SSN had been "used on the dark web." *Id.* ¶ 38.

Plaintiff Finch alleges that she was an employee of an NFL franchise and was required to provide her PII to the 49ers. *Id.* ¶ 47. Finch alleges that shortly after August 31, 2022, she received notice from the 49ers indicating that her name, date of birth, and SSN were compromised in the Data Incident. *Id.* ¶ 50. Finch alleges that she spent time researching the Data incident, reviewing credit reports and financial accounts, researching credit monitoring and identity theft protection, and that she suffered diminished value of her private information, loss of privacy, and increased risk of identity theft and fraud. *Id*. ¶¶ 51-52.

Plaintiff Sampson alleges that he was required to provide his PII to the 49ers and that shortly after August 31, 2022, he received a notice stating that his name, SSN, and payment information had been compromised in the Data Incident. *Id.* ¶¶ 54, 57. Sampson further alleges that after the Data Incident, he experienced at least two fraudulent purchases on the same credit card he used to make purchases with the 49ers. *Id.* ¶ 58. Sampson does not allege that he had to pay for either of those alleged fraudulent charges. Regardless, Sampson alleges that he spent time researching the Data Incident, reviewing credit reports and financial accounts, researching monitoring and protection services, and that he suffered diminished value of his PII, lost privacy, and increased risk of identity theft. *Id*. ¶¶ 59-60.

On behalf of the Plaintiffs and the Nationwide Class, Plaintiffs assert claims for (i) negligence, (ii) negligence *per se*, (iii) breach of implied contract, (iv) violation of California's Consumer Records Act, Cal. Civ. Code § 1798.80, *et seq.*, and (v) violation of California's Unfair Competition Law, Cal. Bus. Code § 17200. Compl. ¶¶ 93-163. On behalf of Plaintiffs Finch and Sampson and the California Subclass, Plaintiffs allege a claim for (vi) violation of the California Consumer Privacy Act, Cal. Civ. Code § 1798.150. Compl. ¶¶ 164-172. And on behalf of

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
COSTA MESA

Plaintiff Donelson and the Georgia Subclass, Plaintiffs allege a claim for violation of (vii) Georgia Uniform Deceptive Trade Practices Act, Ga. Code Ann. §§ 10-1-370, *et seq*. Compl. ¶173-176. Importantly, no Plaintiff alleges damage from misuse of their PII arising out of this Data Incident. Nor do they allege any out-of-pocket losses or any other injuries resulting from the Data Incident.

## III.   STANDARD OF REVIEW

Federal courts must dismiss a case if they determine that subject matter jurisdiction is lacking. Fed. R. Civ. P. 12(b)(1), 12(h)(3). Subject matter jurisdiction is absent where a plaintiff lacks Article III standing. *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 408 (2013). To establish Article III standing, the plaintiff must prove that he suffered an "injury in fact," i.e., an "invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical." *Chandler v. State Farm Mut. Auto. Ins. Co.* 598 F.3d 1115, 1122 (9th Cir. 2010) (citing *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560-61 (1992). A plaintiff must also establish a causal connection by proving that his injury is fairly traceable to the challenged conduct of the defendant. *Lujan,* 504 U.S. at 560-561. Importantly, "[t]he burden of proving the existence of subject matter jurisdiction rests with the party invoking federal jurisdiction." *See Kokkonen v. Guardian Life Ins. Co.,* 511 U.S. 375, 377 (1994); *see also, Chandler v. State Farm Mut. Auto. Ins. Co.*, 598 F.3d 1115, 1122 (9th Cir. 2010).

Under Rule 12(b)(6), a complaint must "contain sufficient factual matter, accepted as true, 'to state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Factual allegations must be enough to raise a right to relief above the speculative level…." *Twombly*, 550 U.S. at 555–56. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
COSTA MESA

U.S. at 555); *see also Pareto v. F.D.I.C.*, 139 F.3d 696, 699 (9th Cir. 1998).

## IV.    ARGUMENT & AUTHORITIES

### A.    Plaintiffs Lack Standing to Sue the 49ers

#### 1.    *Plaintiffs Fail to Plausibly Plead an Injury-in-Fact*

##### a.    Diminished Value of PII is not an Injury-in-Fact

Plaintiffs allege that their PII has diminished value because of the Data Incident. *See* Compl. ¶¶ 11, 43, 52, 60, 63, 103, 115. The few courts that have recognized this theory did so only under narrow circumstances that do not apply here. A plaintiff must "allege they attempted to sell their personal information, that they would do so in the future, or that they were foreclosed from entering into a value for value transaction relating to their PII, as a result of the [] Defendants' conduct." *In re Google Android Consumer Privacy Litig.* ("In re Google") No. 11-MD-02264 JSW, 2013 WL 1283236, at *4 (N.D. Cal. Mar. 26, 2013). Plaintiffs here merely claim that a black market exists and the value of the proposed Class's PII on the black market is "considerable." Compl. ¶¶ 64-65. Factual guesswork, absent explanation of how exactly their PII lost value, does not confer standing.

##### b.    Lost Time and Monitoring Costs are Not an Injury-in-Fact

Plaintiffs vaguely allege injuries from lost time and costs associated with monitoring and mitigation. *See* Compl. ¶¶ 11, 40, 51, 59, 63. However, if there is no substantial risk of identity theft or fraud, "then Plaintiff has only incurred self-inflicted injuries in response to a conjectural harm." *Medoff v. Minka Lighting, LLC*, C.D. Cal. No. 2:22-cv-08885-SVW-PVC, 2023 U.S. Dist. LEXIS 81398, at *13 (May 8, 2023). It is telling that each Plaintiff alleges to be monitoring for fraud, but none have actually incurred any fraud-related damages. Compl. ¶¶ 40, 53, 61.

##### c.    Loss of the Benefit of the Bargain is not an Injury-in-Fact

Plaintiffs allege that they "lost benefit of their bargain…" because of the Data Incident. Compl. ¶ 103. Plaintiffs do not allege what they bargained for or what they paid for it, nor do they allege any difference in value between what was

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
COSTA MESA

1  represented and received. *See, e.g., Gardiner v. Walmart, Inc.*, No. 20-cv-04618,

2  2021WL 4992539, at *5 (N.D. Cal. July 28, 2021) (dismissing breach of implied

3  contract claim for failure to plausibly allege data security was part of the bargain);

4  *Sater v. Chrysler Grp. LLC*, No. EDCV14700VAPDTBX, 2016 WL 7377126, at *7

5  (C.D. Cal. Oct. 25, 2016); *see also Blahous v. Sarrell Reg'l Dental Ctr. for Pub.

6  Health, Inc.*, No. 2:19-CV-798-RAH-SMD, 2020 WL 4016246, at *1, n.11 (M.D.

7  Ala. July 16, 2020) (theory that plaintiffs suffered money damages because they

8  would not have paid for defendant's services if they knew defendant would get

9  hacked was "pure applesauce"); *Carlsen v. GameStop, Inc.*, 112 F. Supp. 3d 855,

10  861 (D. Minn. 2015) ("[c]ourts have generally found 'overpayment' theories

11  insufficient to establish injury"); *Dieffenbach v. Barnes & Noble, Inc.*, 887 F.3d

12  826, 829 (7th Cir. 2018) (failure to secure plaintiff's PII is not a benefit of the

13  bargain "loss").

14  d.      Risk of Future Harm is not an Injury-in-Fact

15      Plaintiffs allege an "increased risk of fraud, identity theft, and misuse."

16  Compl. ¶¶ 11, 44, 52, 53, 62, 63, 96, 102. However, these speculative harms do not

17  confer standing. *See, e.g., Pinkert v. Schwab Charitable Fund*, 48 F.4th 1051, 1055

18  (9th Cir. 2022) (no standing where plaintiff "did not allege that he has experienced

19  or will experience any of these purported injuries."); *Bock v. Washington*, 33 F.4th

20  1139, 1144 (9th Cir. 2022) (no standing where plaintiffs merely "assert a risk of

21  future harm"); *Jewel v. Nat'l Sec. Agency*, 856 F. App'x 640, 641 (9th Cir. 2021),

22  *cert. denied*, 213 L. Ed. 2d 1038, 142 S. Ct. 2812 (2022) (same).

23      Plaintiffs must plead an injury in fact; injuries that might happen "can only

24  qualify as concrete injuries in fact when they are based on a risk of harm that is

25  either 'certainly impending' or 'substantial.'" *I. C. v. Zynga, Inc.*, 600 F. Supp. 3d

26  1034, 1052 (N.D. Cal. 2022). The mere risk of future harm cannot supply the basis

27  for standing until "the risk of future harm materializes and the individual suffers a

28  concrete harm." *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2211 (2021).

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
COSTA MESA

Moreover, where the putative class "would first learn that they were 'injured' when they received a check compensating them for their supposed 'injury[,]' [i]t is difficult to see how a risk of future harm could supply the basis for a plaintiff 's standing." *Id*. at 2212. Here, Plaintiffs generically list myriad ways that cybercriminals *might* use their PII in the future but fail to allege they *have* suffered any injury that is fairly traceable to this Data Incident. This theory fails.

### e.       Loss of Privacy is not an Injury-in-Fact

Loss of privacy allegations require some form of publication, but Plaintiffs made no factual allegation that their PII that was provided to the 49ers was publicly disseminated in any way. Because the Plaintiffs "made no allegations that suggest publicity, the plaintiff[s] failed to allege a concrete harm."*Medoff* at *10; *see also, Hernandez v. Christensen Bros. Gen. Engineering, Inc.*, No. 5:22-CV-00836-AB-SP, 2023 WL 3069760, at *7 (C.D. Cal. Apr. 24, 2023) ("[I]nformational injury, without some downstream consequences, is insufficient for standing.").

### f.       Generic Emotional Distress is not an Injury-in-Fact

Plaintiffs allege that they suffered "anxiety" as well as "embarrassment, humiliation, frustration, and emotional distress." Compl. ¶¶ 63, 102. However, they fail to allege any facts that their emotional distress is justified by a risk of harm that is "substantial" or "impending." *I. C. v. Zynga, Inc.*, 600 F. Supp. 3d 1034, 1052 (N.D. Cal. 2022) (emotional damages were "too conjectural such that they cannot qualify as concrete injuries of fact" for standing); *Clapper,* 568 U.S. at 416 (2013) (standing cannot be based on "fears of hypothetical future harm that is not certainly impending"); *Winsor v. Sequoia Benefits & Ins. Servs., LLC*, 62 F.4th 517, 524 (9th Cir. 2023) (no standing where injuries "are general in nature" and not concrete).

### g.       Plaintiffs Donelson and Sampson's additional allegations do not save the Complaint

In addition to generic injury theories, two Plaintiffs attempt to manufacture an injury-in-fact via allegations of unrelated attempted fraud. Plaintiff Donelson

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
COSTA MESA

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
COSTA MESA

alleges that she used Credit Wise following a *prior* data breach, and that Credit Wise notified her that her SSN had been used on the dark web. Compl. ¶ 37. However, Donelson does not state that her SSN was not involved in the prior data breach, nor does she explain how her SSN was allegedly misused or what harm, if any, resulted from the alleged use. Sampson alleges that after the Data Incident, he "experienced at least two fraudulent purchases on the same credit card used to make purchases with Defendant…" Compl. ¶ 58. However, Sampson does not allege that he was personally responsible for paying fraudulent purchases or that he was not reimbursed, and he does not even allege that this credit card was involved in this Data Incident. Thus, these two allegations of potential injury flowing from potential fraud, do not equate to actual injury-in-fact sufficient to save the Complaint.

### 2.   *Plaintiffs Fail to Plausibly Plead Traceability*

Article III also requires that an injury be "causally linked or 'fairly traceable'" to the [Defendant's] alleged misconduct, and not the result of misconduct of some third party not before the court." *Washington Env't. Council v. Bellon*, 732 F.3d 1131, 1141 (9th Cir. 2013) (citing *Lujan*, 504 U.S. at 560-561). Here, Plaintiffs allege that their PII was accessed "by an unauthorized actor." Compl. ¶¶ 11, 12, 44, 50, 57, 133, 165. Thus, any injuries are not from the 49ers' actions but from the independent actions of criminals. *See Ass'n of Pub. Agency Cust. v. Bonneville Power Admin.*, 733 F.3d 939, 953 (9th Cir. 2013) (petitioner must show injury which is "not the result of some independent third party not before the court.").

Regardless, because Plaintiff Donelson admits that her PII was involved in a *previous* data breach, and Plaintiff Sampson fails to plead when the fraudulent charges on his credit card took place or that his card information was involved in this Data Incident, neither allegation is plausibly traced to this Data Incident.

Plaintiffs simply do not have standing to bring this lawsuit.

## V.   **PLAINTIFFS FAIL TO STATE A CLAIM FOR RELIEF**

Even if Plaintiffs somehow meet the lower Article III standing threshold, this

Court should still dismiss the Complaint pursuant to the higher burden of proof required under Rule 12(b)(6). *See Pruchnicki v. Envision Healthcare Corp.*, 845 F. App'x 613, 614 (9th Cir. 2021) ("Although [plaintiff] alleged sufficient injury-in-fact to support standing, whether the allegations adequately alleged compensable damages is a different question.").

### A.     Plaintiffs Fail to Allege Cognizable Injury

Plaintiffs' negligence, negligence per se, breach of implied contract, and UCL claims all require allegations of a cognizable injury. *See, e.g., In re Ambry Genetics Data Breach Litig.*, 567 F. Supp. 3d 1130, 1141 (C.D. Cal. 2021); *In re Solara Med. Supplies, LLC Customer Data Sec. Breach Litig.*, 613 F. Supp. 3d 1284, 1297 (S.D. Cal. 2020); *Gitson v. Trader Joe's Co.*, No. 13-CV-01333-WHO, 2014 WL 1048640, at *7 (N.D. Cal. Mar. 14, 2014). Here, Plaintiffs do not allege that they suffered any identity theft or out-of-pocket costs because of the Data Incident. Instead, Plaintiffs assert speculative damage theories based on: (1) loss of the value of their PII; (2) out-of-pocket monitoring costs and lost time; (3) lost benefit of their bargain; (4) the risk of future identity theft and harm; (5) loss of privacy; and (6) emotional distress. Compl. ¶¶ 11, 43, 44, 52, 60, 63, 103, 115.

For similar reasons discussed above, none of these are cognizable injuries under the higher standard required to state these claims. *See Corona v. Sony Pictures Ent., Inc.*, No. 14-cv-09600-RGK, 2015 WL 3916744, *4, 10 (C.D. Cal. June 15, 2015) (damage allegations do not support negligence claim because "Plaintiffs have not provided any authority that an individual's personal identifying information has any compensable value in the economy at large" and because "costs already incurred, including costs associated with credit monitoring" may only constitute injury if the "Complaint sufficiently alleges facts to support the reasonableness and necessity of [the plaintiff's] credit monitoring."); *Pruchnicki v. Envision Healthcare Corp.*, 439 F. Supp. 3d 1226, 1235 (D. Nev. 2020), *aff'd*, 845 F. App'x 613 (9th Cir. 2021) (dismissing where plaintiff failed to make any

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
COSTA MESA

"specific allegations suggesting how the value of her personal information has been reduced" and because "the mere misappropriation of personal information does not establish compensable damages"); *In re Sci. Applications Int'l Corp. (SAIC) Backup Tape Data Theft Litig. ("SAIC")*, 45 F. Supp. 3d 14, 30 (D.D.C. 2014) (rejecting the "loss of value in PII" theory when plaintiffs do not "contend that they intended to sell this information on the cyber black market" and do not provide any facts as to "whether or how the data has been devalued by the breach" in evaluating injury for purposes of standing); *Gardiner*, 2021 WL 2520103 at *6 (monitoring costs based on potential identity theft are not reasonable or necessary); *Dieffenbach*, 887 F.3d at 829 (failure to "receive the benefit of the bargain" is "not a loss"); *Irwin v. Jimmy John's Franchise, LLC*, 175 F. Supp. 3d 1064, 1072 (C.D. Ill. 2016) (dismissing because plaintiff "paid for food products… not…for a side order of data security and protection; it was merely incident to her food purchase"); *see also Carlsen*, 112 F. Supp. 3d at 861 (same, in analyzing standing) (collecting cases); *Aguilar* v. *Hartford Accident & Indem. Co.*, No. CV-18-8123-R, 2019 WL 2912861, at *2 (C.D. Cal. Mar. 13, 2019) ("[T]he loss of privacy engendered by an accidental data breach cannot satisfy the necessary damage element of a negligence claim, 'without specific factual statements that Plaintiffs' [PII] has been misused, in the form of an open bank account, or un-reimbursed charges.'") (quoting *In re Sony Gaming Networks and Customer Data Sec. Breach Litig.*, 903 F.Supp.2d 942, 963 (S.D. Cal. Oct. 11, 2012); *Holly v. Alta Newport Hosp., Inc.*, 2020 WL 1853308, at *6 (C.D. Cal. 2020) (citing *Sion v. SunRun, Inc.*, 2017 WL 952953, at *3 (N.D. Cal. Mar. 13, 2017))(plaintiffs "must support [their] claim for pain and suffering with something more than [their] own conclusory allegations").

And, as discussed in Section IV.A.1.g, Plaintiffs' two alleged instances of potential fraud do not constitute cognizable injury because they are not reasonably related to the Data Incident and do not include actual harm as opposed to potential for harm. Thus, Plaintiffs have not alleged cognizable injury under Rule 12(b)(6).

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
COSTA MESA

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
COSTA MESA

**B.    Plaintiffs' Negligence Claim is Deficient and Barred by the ELR**

Plaintiffs' negligence claim is further barred by Plaintiffs' failure to allege an actual breach and by the economic loss rule. First, Plaintiffs allege that because the Data Incident occurred, the 49ers must have breached some duty. That is not enough. For example, in *Razuki*, nearly identical allegations were rejected because the court found that the plaintiff failed to plead "what made [the defendant's] security measures unreasonable" and/or "[w]hat facts lead [the plaintiff] to believe [the defendant] didn't comply with industry standards." *Razuki v.Caliber Home Loans, Inc.*, No. 17CV1718-LAB (WVG), 2018 WL 6018361, at *1 (S.D.Cal. Nov. 15, 2018); *see also Anderson v. Kimpton Hotel & Rest. Grp., LLC*, No. 19-CV-01860-MMC, 2019 WL 3753308, at *5 (N.D. Cal. Aug. 8, 2019) (dismissing CRA claim because "plaintiffs fail to allege any facts in support of their conclusory assertion that [defendant] fail[ed] to implement and maintain reasonable security procedures and practices"). The *Razuki* court found that these pleading deficiencies amounted to "basic questions," and that by simply citing industry standards and asserting noncompliance with those standards, as Plaintiffs do here, the plaintiff was "simply recit[ing] a few buzzwords with the hope that he may be able to figure out later what, if anything, [the defendant] has done wrong." *Id.* at *2; *see also Anderson*, 2019 WL 3753308, at *5 ("conclusory assertion[s]" that a defendant "fail[ed] to implement and maintain reasonable security procedures and practices" are precisely the kind of allegations that *Twombly* prohibits.); *Pica v. Delta Air Lines, Inc.*, No. CV 18-2876-MWF (EX), 2018 WL 5861362, at *7 (C.D. Cal. Sept. 18, 2018) (plaintiff failed to plead with "sufficient particularity [regarding] how and why [a] [d]efendant's security practices and procedures [were] sub-standard").

Second, California's economic loss rule provides "in the absence of (1) personal injury, (2) physical damage to property, (3) a 'special relationship' existing between the parties, or (4) some other exception to the rule, recovery of purely economic loss is foreclosed" from being recovered in tort. *In re Sony Gaming*

*Networks & Customer Data Sec. Breach Litig.*, 996 F. Supp. 2d 942, 967 (S.D. Cal. 2014). Here, Plaintiffs do not allege any personal injury, and, to the extent Plaintiffs claim any "property damage," courts have routinely rejected such arguments where, as here, plaintiffs do not allege that they "were foreclosed from entering into a value for value transaction relating to their PII, as a result of the…Defendants' conduct." *In re Google*, 2013 WL 1283236, at *4; *see also Corona*, 2015 WL 3916744, at *4

Third, no "special relationship" exists between the 49ers and Plaintiffs, and fourth, Plaintiffs do not allege any exception to the economic loss doctrine. Plaintiffs' negligence claim is barred.

### C.    Negligence *Per Se* is Not a Standalone Cause of Action

Notably, "[t]he doctrine of negligence per se is not a separate cause of action, but creates an evidentiary presumption that affects the standard of care in a cause of action for negligence." *Turner v. Seterus, Inc.* 27 Cal.App.5th 516, 534 (2018). Thus, Plaintiffs' claim for negligence *per se* must be dismissed.

### D.    Plaintiffs Fail to State a Claim for Unfair Competition

Plaintiffs' UCL remedies "are limited to restitution and injunctive relief, and do not include damages." *Silvercrest Realty, Inc. v. Great Am. E&S Ins. Co.*, 2012 WL 13028094, at *2 (C.D. Cal. Apr. 4, 2012). Specifically, relief is limited to "money or property lost by the plaintiff and acquired by the defendant." *Fresno Motors, LLC v. Mercedes Benz USA, LLC*, 771 F.3d 1119, 1135 (9th Cir. 2014). Here, Plaintiffs allege no facts that they lost money or property, or that the 49ers unfairly acquired their money or property. Instead, Plaintiffs rely on allegations that the 49ers failed to implement reasonable security measures which led to the Data Incident. Compl. ¶¶ 141-145. These identical damage allegations cannot be used to sustain a UCL claim for equitable relief. *See Madrigal v. Hint, Inc.*, No. CV 17-02095-VAP (JCx), 2017 WL 6940534, at *4 (C.D. Cal. Dec. 14, 2017).

Additionally, Plaintiffs must establish that they "lack an adequate remedy at law before securing equitable restitution for past harm under the UCL." *Sonner v.*

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
COSTA MESA

*Premier Nutrition Corp.*, 971 F.3d 834, 844 (9th Cir. 2020). Courts post-*Sonner* have dismissed UCL claims, like this one, that are primarily grounded in seeking monetary relief. *See, e.g., Schertz v. Ford Motor Co.*, 2020 WL 5919731, at *2 (C.D. Cal. July 27, 2020); *Adams v. Cole Haan, LLC*, 2020 WL 5648605, at *4-5 (C.D. Cal. Sept. 3, 2020). Because "there is nothing in the [Complaint] to suggest that monetary damages would not make Plaintiff[s] or the putative class whole," Plaintiffs' equitable claims fail. *Gibson v. Jaguar Land Rover N. Am., LLC*, 2020 WL 5492990, at *3 (C.D. Cal. Sept. 9, 2020).

### E.     Plaintiffs Finch and Sampson Fail to State a CCPA Claim

Plaintiffs' CCPA claim fails for three reasons. First, Plaintiffs allege that the 49ers violated the CCPA "by failing to implement and maintain reasonable security procedures and practices appropriate to the nature of the information to protect the nonencrypted PII" of Plaintiffs. Compl. ¶¶ 165. However, courts routinely dismiss CCPA claims based on these conclusory allegations. *See, e.g., In re Waste Mgmt. Data Breach Litig.*, 2022 WL 561734, at *6 (S.D.N.Y. Feb. 24, 2022) (dismissing CCPA claim where complaint "[did] not plausibly allege that [defendant] breached its 'duty to implement and maintain reasonable security procedures and practices'"); *Maag v. U.S. Bank, Nat'l Ass'n*, 2021 WL 5605278, at *2 (S.D. Cal. Apr. 8, 2021) (dismissing CCPA claim based on "unsupported allegations that [plaintiff's personal information] was compromised because Defendant did not 'implement and maintain reasonable security procedures and practices,' 'failed to effectively monitor its systems for security vulnerabilities,' and had 'lax security'"); *Griffey v. Magellan Health Inc.*, 562 F. Supp. 3d 34, 57 (D. Ariz. 2021) (dismissing CCPA claim where plaintiff "did not allege sufficient facts to establish how or why [defendant's] systems were inadequate or unreasonable or how or why [defendant] knew or should have known its systems were inadequate or unreasonable.").

Second, the CCPA allows recovery of "actual pecuniary damages" and/or statutory damages. *See* Cal. Civ. Code § 1798.150(b). Plaintiffs here do not allege

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
COSTA MESA

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
COSTA MESA

"actual pecuniary damages" and seek only statutory damages. Compl. ¶ 172. But a consumer is permitted to seek statutory damages only after complying with the pre-suit notice and cure procedure set forth in Cal. Civ. Code § 1798.150(b). The purpose of this notice is to prevent unnecessary lawsuits by giving businesses the opportunity to cure any alleged violations. *See Guy v. Convergent Outsourcing, Inc.*, 2023 WL 4637318, at *9 (W.D. Wash. July 20, 2023) ("[N]otice is required as a condition precedent before filing suit [under the CCPA] so that the defendant can attempt to cure the defect."); *Kim v. Shellpoint Partners, LLC*, 2016 WL 1241541, at *6 (S.D. Cal. Mar. 30, 2016) (pre-suit notice and cure provisions in contracts are designed to "prevent the need for litigation" and permitting parties to provide notice "during the pendency of [an] action" "would gut the 'notice and cure' provision").

Here, neither Plaintiff Sampson nor Finch complied with this legal prerequisite. Sampson filed his complaint the same day that he mailed a letter to the 49ers alleging a breach of the CCPA and Finch filed her complaint just four days after sending her letter to the 49ers. [Exh. A, B; RJN, ¶¶ 1-3, Exhs. F, G]. By failing to wait the required 30 days to bring their CCPA claims, Plaintiffs failed to comply with the statute and their claims must be dismissed; otherwise, the statute's requirement would be "pointless". *See, e.g.*, *Griffey v. Magellan Health Inc.*, 2022 WL 181165, at * 6 (D. Ariz. June 2, 2022) (dismissing CCPA claim  where defendant sent cure notice and then plaintiffs filed amended complaint alleging CCPA violation); *In re Waste Mgmt. Data Breach Litig.*, 2022 WL 561734, at *6 ("To bring a claim for statutory damages, a consumer must provide written notice at least 30 days before filing an action.").

Regardless, Plaintiffs' respective notices fail to perfect a CCPA claim because they do not "identify[ ] the specific provisions of [the CCPA] the consumer alleges have been or are being violated." Cal. Civ. Code § 1798.150(b). Plaintiffs also do not explain why or how the 49ers' "security procedures and practices" were inadequate. A defendant cannot be expected to cure a violation that Plaintiffs have

not even properly identified. But assuming the violation was the mere existence of the Data Incident, the 49ers demonstrated that it cured any violation by stopping the attack altogether. *See* Exhs. C, D; *see also* Compl. ¶ 169; *In re Waste Mgmt. Data Breach Litig.*, 2022 WL 561734, at *7 (dismissing CCPA claim that did not "plausibly allege that [defendant] failed to [cure] an alleged CCPA violation).

### F.    **Plaintiffs' Breach of Implied Contract Claim Fails**

"Before a court can find the existence of an implied contract in fact, there must be an offer; there must be an acceptance; the acceptance must be in the terms of the offer; it must be communicated to the offeror; there must be a mutual intention to contract; [and] there must be a meeting of the minds of the parties." *Krottner v. Starbucks Corp.*, 406 F.App'x 129, 131 (9th Cir.2010). Here Plaintiffs allege that the 49ers "agreed it would not disclose the PII it collects," "promised to safeguard employee PII," and to promptly and adequately notify Plaintiffs if their PII had been compromised or stolen. Compl. ¶¶ 118-120. But Plaintiffs do not allege when or how those promises were made. Additionally, Plaintiffs allege no facts asserting mutual assent to any cybersecurity standard or protocol. Plaintiffs' conclusory statements are insufficient to survive a motion to dismiss. *See, e.g., In re Anthem, Inc. Data Breach Litig.*, 162 F. Supp. 3d 953, 979 (N.D. Cal. 2016) (dismissing claim of implied contract where plaintiffs did not refer to any contractual language that the defendants allegedly breached).

Additionally, as a factual basis for their contract claims, Plaintiffs cite to internal 49ers employment policies regarding protection of 49ers employee data. Comp. ¶118. However, none of the Plaintiffs were employed by the 49ers and therefore could not be parties to this alleged contract. The only relevant policy would be the 49ers' privacy policy, which expressly states that "no system can be guaranteed to be 100% secure." Exh. E.[2] It further states that, "we cannot guarantee

---

[2] Where a plaintiff fails to attach to the complaint documents on which the complaint is based, defendant may attach those documents to a motion to dismiss pursuant to Rule 12(b)(6). *Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1280, fn. 16 (11th Cir. 1999).

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
COSTA MESA

or warrant the security of any information you disclose or transmit to the Services and cannot be responsible for the theft, destruction, or inadvertent disclosure of your information." *Id*. Plaintiffs cannot establish an implied contract for data security where the 49ers expressly stated that such protection was not guaranteed. *Carlsen*, 833 F.3d at 911 (finding defendant could not have breached an alleged implied contract where the privacy policy included an express disclaimer).

### G.   Plaintiffs' CCRA Claim Should Be Dismissed

Plaintiffs' CCRA claim should be dismissed because they fail to allege any facts to support their conclusory statement that the 49ers' notice of the Data Incident to Plaintiffs was sent after an "unreasonable delay." Compl. ¶ 134. Such a bare assertion is insufficient to plausibly allege a violation of the statute. *See, e.g., Anderson*, 2019 WL 3753308 at *5 (dismissing CCRA claim with similarly deficient allegation of statutory violation); *In re Waste Management Data Breach Litig.*, 2022 WL 561734 at *7 (same). Plaintiffs also fail to allege any facts to support damages as a result of the alleged delay.  In fact, Plaintiffs allege that they have spent considerable time and effort monitoring their accounts, yet cannot allege any harm or losses they have identified.  Compl. ¶¶ 40, 53, 61.

### H.   Plaintiff Donelson's Georgia Statutory Claim Should Be Dismissed

Plaintiff Donelson's claim for violation of the Georgia Uniform Deceptive Trade Practices Act consists of two short sentences – one that cites a portion of the statute, and another that concludes that the 49ers violated the statute. Compl. ¶¶ 174, 175. This claim lacks any supporting factual allegations and should be dismissed.

## VI.   CONCLUSION

This Complaint should be dismissed.

///

///

///

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
COSTA MESA

1

2  Dated:  December 8, 2023

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Respectfully submitted,

**BAKER & HOSTETLER LLP**

By:  */s/ Marcus McCutcheon*
      MARCUS McCUTCHEON
      CASIE D. COLLIGNON
      MICHELLE GOMEZ

Attorneys for Defendant
FORTY NINERS FOOTBALL
COMPANY LLC DBA THE SAN
FRANCISCO 49ERS

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
COSTA MESA

16